Herrero v 2146 Nostrand Ave. Assoc., LLC (2022 NY Slip Op 05753)

Herrero v 2146 Nostrand Ave. Assoc., LLC

2022 NY Slip Op 05753

Decided on October 13, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 13, 2022

Before: Kapnick, J.P., Webber, Oing, González, Kennedy, JJ. 

Index No. 153673/15 Appeal No. 16404 Case No. 2021-02578 

[*1]Edgardo A. Herrero, Plaintiff-Respondent,
v
2146 Nostrand Avenue Associates, LLC, et al., Defendants-Appellants, 49th Broadway, LLC, Doing Business as Dallas BBQ, Defendant. [And First, Second, and Third Third-Party Actions.]
2146 Nostrand Avenue Associates, LLC, et al., Fourth Third-Party Plaintiffs-Appellants,
v
Nostrand Enterprises, LLC, Doing Business as Dallas BBQ, Fourth Third-Party Defendant-Appellant. [And Fifth and Sixth Third-Party Actions.]

Nicoletti Hornig & Sweeney, New York (Barbara A. Sheehan of counsel), for 2146 Nostrand Avenue Associates, LLC, ACHS Management Corp., and Nostrand Enterprises, LLC, appellants.
The Law Office of Eric D. Feldman, Melville (Dominic P. Zafonte of counsel), for Shawmut Woodworking & Supply, Inc., appellant.
Law Office of Neil R. Finkston, Great Neck (Neil R. Finkston of counsel), for respondent.

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered on or about February 2, 2021, which, to the extent appealed from as limited by the briefs, denied the motion of defendants 2146 Nostrand Avenue Associates, LLC, and ACHS Management Corp., and fourth third-party defendant Nostrand Enterprises, LLC d/b/a Dallas BBQ (collectively, Nostrand defendants), and the separate motion of defendant Shawmut Woodworking & Supply, Inc., for leave to renew plaintiff's motion for summary judgment on the issue of liability on the Labor Law § 240(1) claim as against them, unanimously affirmed, without costs.
As was stated in a previous appeal in this action, "Plaintiff was injured when the platform of a baker's scaffold fell through its framework, causing him to fall four feet to the ground. He was using an unidentified contractor's scaffold, instead of one made readily available by his employer, JD Consulting" (Herrero v 2146 Nostrand Ave. Assoc., LLC, 193 AD3d 421, 422 [1st Dept 2021]).
Plaintiff's supervisor from JD Consulting, Edward Ehmann, was deposed on June 12, 2017. In or about September 2017, fifth third-party defendant Trison, Inc. joined issue with service of its answer to the fifth third-party complaint filed by Shawmut. On May 15, 2018, plaintiff filed his note of issue. One week later, he filed his motion for summary judgment on the issue of liability on his Labor Law § 240(1) claim against Shawmut and the Nostrand defendants. On June 1, 2018, various parties filed motions to vacate the note of issue based on outstanding discovery. Plaintiff's motion was marked fully submitted on January 31, 2019.
By order entered March 14, 2019, the court vacated the note of issue. Thereafter, Trison took a further deposition of Ehmann on September 20, 2019. By order dated November 7, 2019, the court ordered the Clerk to restore plaintiff's note of issue. By order entered January 3, 2020, the court, among other things, granted plaintiff partial summary judgment on his Labor Law § 240(1) claim against Shawmut and the Nostrand defendants. Shawmut and the Nostrand defendants appealed that order to this Court, but while their appeals were pending, they moved Supreme Court for leave, among other things, to renew their opposition to plaintiff's motion, pointing to Ehmann's testimony at his second deposition.
Supreme Court denied the motions for leave to renew. Two months later, this Court affirmed so much of the court's January 3, 2020 order as granted plaintiff partial summary judgment on his Labor Law § 240(1) claim against Shawmut and the Nostrand defendants, holding, "While plaintiff decided to use the scaffold of an unknown contractor, instead of one provided by his employer JD Consulting, that he knew was readily available, there is no evidence that he knew he was expected to use only JD Consulting's scaffolds" (Herrero, 193 AD3d at 422 [internal quotation marks omitted]).
Supreme Court did not improvidently exercise its discretion in denying the [*2]Nostrand defendants and Shawmut leave to renew (see generally S.V.L. v PBM, LLC, 191 AD3d 564, 565 [1st Dept 2021]), and we decline to substitute our discretion for that of the motion court's (see generally Forman v Henkin, 30 NY3d 656, 662 n 3 [2018]). Shawmut and the Nostrand defendants failed to reasonably justify their failure to elicit the testimony given at Ehmann's second deposition in 2019 when they had a full and fair opportunity to depose him in 2017, well before plaintiff moved for summary judgment (see generally CPLR 2221[e][3]; Gordon v 476 Broadway Realty Corp., 161 AD3d 417, 418 [1st Dept 2018], lv dismissed 32 NY3d 1078 [2018]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 13, 2022